**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0968-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EDWARD LOCKE,

    Defendant-Appellant.

_____

Submitted February 27, 2024 – Decided March 12, 2024

Before Judges Whipple and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 94-01-0235.

Edward Locke, appellant pro se.

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This is pro se defendant Edward Locke's appeal from his fifth petition for post-conviction relief (PCR),[1] which was dismissed on May 28, 2020. We affirm.

On December 8, 1993, defendant pushed his way into the Newark apartment of a couple in their eighties. He asked them for money and repeatedly beat both. He took two gold watches from their apartment. After hearing loud noises, a downstairs neighbor alerted security, who responded and arrived at the apartment door as defendant was walking out. When security tried to hold him, he fled on foot but was apprehended nearby. He had blood on his hands and boots and had the two gold watches in his possession. One of the two victims was treated for her injuries and released from the hospital; the other underwent two surgeries for bleeding in his brain as a result of defendant kicking him in the head. Later that month, the victim died in the hospital after further complications.

After a jury trial, defendant was convicted of felony murder, aggravated manslaughter, aggravated assault, second-degree burglary, and two counts of first-degree robbery; he was sentenced to a term of life imprisonment with thirty

---

[1] Defendant captions the matter as an appeal from an order denying a motion for habeas corpus. PCR is New Jersey's analogue to the federal writ of habeas corpus.

A-0968-22

years of parole ineligibility for the felony murder conviction. In 1997, the convictions were upheld on direct appeal, and the Supreme Court denied certification.

Defendant has filed four previous petitions for PCR based on ineffective assistance of counsel. All were denied and affirmed on appeal. The Supreme Court again denied certification on each. In 2012, defendant filed a motion for a new trial, which was denied, affirmed on appeal, and denied certification by the Supreme Court. On February 14, 2019, defendant filed a fifth petition for PCR, which was dismissed as untimely on May 28, 2020.

This appeal followed.

Defendant raises the following arguments on appeal, which are taken from his pro se brief:

> I. THERE[ IS] BLATANT DISREGARD OF THE RULES WHICH IN SPIRIT, IF NOT IN LETTER, REQUIRE A FACTUAL AND LEGAL REPLY TO EVERY ISSUE RAISED BY APPELLANT.
>
> II. HABEAS CORPUS IS AN AVAILABLE REMEDY IN THE INSTANT SITUATION AND THAT THE JUDGMENT OF THE ESSEX COUNTY COURT DENYING THE WRIT WITHOUT HEARING WAS NOT CORRECT.
>
> III. PROSECUTORS OCCUPY A UNIQUE POSITION IN THE CRIMINAL JUSTICE SYSTEM AND THAT THEIR PRIMARY DUTY IS NOT TO

OBTAIN CONVICTIONS BUT TO SEE THAT JUSTICE IS DONE.

IV. NEW JERSEY COURTS HAVE ADDRESSED THE ISSUE OF NET OPINIONS. THERE MUST BE A FACTUAL AND SCIENTIFIC BASIS FOR AN EXPERT'S OPINION.

V. THE PURPOSE OF EXPERT TESTIMONY IS TO "CONTRIBUTE MATERIALLY TO THE ASCERTAINMENT OF THE TRUTH."

VI. THE FACTS AND THE LAW ARE DIFFERENT[.] ONE IS A DRUG[.] THE OTHER IS A HEART-ATTACK.

VII. THE CASE AT ISSUE HERE, INCLUDES THE LANGUAGE RELEVANT TO THIS APPEAL: A VICTIM OF AN [ASSAULT] IS IN A WEAKENED CONDITION OR SUFFERS FROM A DISEASE.

VIII. PURSUANT TO 21C.F.R.201.57(G) (1989) [OF THE FOOD AND DRUG ADMINISTRATION] BLACK BOX WARNING REVEALS SERIOUS INJURY AND DEATH.

IX. CREDIBLE PROOF IS WANTING THAT DEATH WAS DUE TO FACTORS IN RELATED TO THE COUMADIN DESCRIBED IN DEFENDANT APPEAL.

X. THERE[ IS] A DEPRIVATION OF DEFENDANT FOURTEENTH AMENDMENT "RIGHT NOT TO BE DEPRIVED OF LIBERTY WITHOUT DUE PROCESS OF LAW, OR MORE SPECIFICALLY, AS THE RESULT OF NEW EVIDENCE MATERIAL TO THE OUTCOME OF THE TRIAL."

XI. THE DEFENDANT HAS MET THE REQUIRED STANDARD FOR NEWLY DISCOVERED EVIDENCE BECAUSE ISSUES BY THE WARNING WERE NOT ADDRESSED RESULT IN A MISCARRIAGE OF JUSTICE.

XII. THE JUDGE SHOULD HAVE REQUIRED TESTIMONY BE OFFERED ORALLY AND SUMMONS WITNESSES AND REQUIRE ANY PERSONS TO PRODUCE DOCUMENTS RECORDS OR OTHER WRITINGS.

We have carefully reviewed the record, and—in light of applicable law—we conclude these arguments lack merit. Defendant's fifth petition was properly dismissed as untimely. Rule 3:22-4(b) provides that "[a] second or subsequent petition for [PCR] shall be dismissed unless: (1) it is timely under [Rule] 3:22-12(a)(2)." In pertinent part, Rule 3:22-12(a)(2) provides:

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> . . . .
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged.

5

"Neither the parties nor the court may . . . enlarge the time specified by . . . [Rule] 3:22-12 . . . ."  R. 1:3-4(c); see R. 3:22-12; see also In re Rosenthal, 118 N.J. 454, 458 (1990); State v. Jackson, 454 N.J. Super. 284, 288 (App. Div. 2018).

Defendant's fourth petition was denied on October 16, 2017.  He filed his fifth petition on February 14, 2019—well beyond the one-year time period mandated by the rule.  Moreover, the fifth petition reasserts arguments previously decided by this court in prior PCRs and, therefore, barred by Rule 3:22-5.  Defendant's appeal is once again based on the assertion that Coumadin, a blood thinner taken by the deceased victim, was responsible for his death, rather than the actions of defendant.  We have previously rejected this argument as lacking merit.

To the extent we have not addressed defendant's remaining arguments, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0968-22